United States District Court
Southern District of Texas
**ENTERED**
February 28, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PEDRO ENRIQUE BARZOLA GARCIA, | § | |
| TDCJ # 02270147 | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. 7:22-CV-242 |
| | § | |
| VS. | § | |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## REPORT AND RECOMMENDATION

Petitioner Pedro Enrique Barzola Garcia, a state prisoner proceeding *pro se*, has filed a petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254.   He seeks relief from his 2019 convictions for continuous sexual abuse of a young child, indecency with a child by contact, and indecency with a child by exposure that resulted in a sentence of 32 years' imprisonment in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ).  (Docket Nos. 1, 2).  Garcia brings 15 claims for relief, including nine claims asserting that his trial counsel provided ineffective assistance.

The respondent has filed a motion to dismiss, arguing that Garcia's claims should be dismissed because the claims are unexhausted, procedurally barred, moot, or without merit. (Docket No. 22.)  Garcia has responded to the motion to dismiss.  (Docket No. 25.)

After carefully considering the pleadings in this case, the state court record, and the applicable law, the undersigned concludes that Garcia has not shown a basis for federal habeas corpus relief.  As explained further below, several of Garcia's claims are procedurally barred, one claim is moot, and one claim is not cognizable on federal habeas review.  Of the claims considered

1

on their merits, Garcia has failed to show that the state habeas court unreasonably applied clearly established federal law in denying his claims, or that the state court denied his claims based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, it is recommended that the District Court grant the respondent's motion to dismiss and dismiss this action. It is further recommended that the Court not issue a certificate of appealability.

## I. BACKGROUND AND PROCEDURAL HISTORY

**A.**    **State Court Proceedings**

On direct appeal, the intermediate state court of appeals summarized the relevant facts as follows:

> At trial, A.R., a thirteen-year old child, testified that Garcia is her stepfather, and he has been a part of the family since she was in second grade. A.R. stated that she had been sexually abused by Garcia almost every night starting when she was ten years old. A.R. recalled that Garcia first abused her on a hot August night when she slept with Garcia and her mother. According to A.R., Garcia hugged her and then touched her vaginal area with his hands over her underwear and under her pajama pants. A.R. explained that she was only ten years old when the first incident happened, and she never told her mother because she was scared and did not understand what Garcia had done to her. A.R. recalled that the abuse continued every night after this first incident. A.R. testified that she specifically remembered that on another occasion, Garcia unbuckled her bra and put his hands in her shirt and rubbed her breasts. A.R. stated that Garcia would take off her pants, put his head in her vagina, stick his tongue in her vagina, and it would feel "ticklish." A.R. said this occurred frequently. A.R. felt threatened by Garcia because he would tell her that she was his and "only his." A.R. testified that Garcia made her believe that without him, her family was "nothing" because he worked and took care of her and her siblings. A.R. said she was very scared to tell anyone what Garcia was doing to her and what would happen to the family if she told someone. The State asked A.R. If she ever saw Garcia's penis, and she replied,
>
>> Now it's called boner. He would pull his shorts down. And the first time was when my mom was taking a shower and he was—they would both sleep downstairs. He was just there, and I was there too, laying next to him, and he just showed me. He just showed me. And I was surprised—I wasn't surprised. I was like—I don't know. And that was the first time.

A.R. testified that on multiple occasions, Garcia would place her hand on his penis, which was hard.  A.R. stated that Garcia showed her "porn" movies on multiple occasions, and Garcia would masturbate in front of her.  According to A.R., the abuse ended when she was twelve years old after she told a friend what Garcia was doing to her.  The friend then reported the abuse to A.R.'s mother.  A.R. stated that her mother asked her about the abuse, and when she verified it had occurred, her mother took her to the police station.

*Garcia v. State*, No. 13-19-00318-CR, 2020 WL 7757377, at *1–2 (Tex. App.—Corpus Christi-Edinburg, Dec. 30, 2020, pet. ref'd).

In May 2018, a grand jury in the 389th District Court in Hidalgo County, Texas, returned a five-count indictment against Garcia in Cause No. 13-19-318-CR, charging him with: (1) one count of continuous sexual abuse of a young child (Count 1); (2) two counts of aggravated sexual assault of a child (Counts 2 and 3); (3) one count of indecency with a child by contact (Count 4); and (4) one count of indecency with a child by exposure (Count 5).  *See id.* at *1; (Dkt. 18-1 at 30–31.)  Attorney Hector Hernandez was appointed to represent Garcia.  (Docket No. 19-21 at 396.)  Attorney Lucia Regalado volunteered to assist Mr. Hernandez at trial as co-counsel.  (*Id.* at 396, 403.)  The jury found Garcia guilty on all five counts.  *See Garcia*, 2020 WL 7757377, at *1.  The trial court sentenced Garcia to concurrent sentences of thirty-two years' confinement for the continuous sexual abuse of a child offense, five years' for each of the aggravated sexual assault of a child offenses, and seven years' for the indecency with a child by contact offense.  *See id.*  The court followed the jury's recommendation and suspended Garcia's five-year sentence for indecency with a child by exposure and sentenced him to ten years' community supervision.  *See id.*

Garcia then filed a direct appeal, arguing that the trial court allowed improper jury argument, there was charge error, and a double jeopardy violation occurred because Counts 2 and 3 are lesser included offenses of Count 1.  *See id.*; (*see also* Docket No. 19-2 at 1–21).  The State

conceded, and the Thirteenth Court of Appeals agreed, that there was a double jeopardy violation. *See Garcia*, 2020 WL 7757377, at *2–3.  The appeals court reversed Garcia's conviction for aggravated sexual assault of a child as charged in Counts 2 and 3, rendered a judgment of acquittal on those two counts, and affirmed the judgment in all other respects for Counts 1, 4, and 5.  *See id.* at *1.

Garcia then filed a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.  (Docket No. 19-13 at 1–16.)  In the PDR, Garcia asserted a single issue for relief: that there was a jury charge error.  (*See id.* at 6) (complaining that "the jury was not instructed that it must unanimously agree on one incident of criminal conduct proven beyond a reasonable doubt.").  On May 12, 2021, the Texas Court of Criminal Appeals refused Garcia's PDR.  *See Garcia*, 2020 WL 7757377, at *1; (Docket No. 19-10.)

Garcia executed a state application for a writ of habeas corpus on January 18, 2022.  (*See* Docket No. 19-21 at 161.)  In his state application, Garcia challenged his conviction on the following grounds:

(1) There was no forensic, DNA, or other physical evidence that corroborated the victim's testimony at trial;

(2) Trial counsel provided ineffective assistance by:

(a) Failing to present an expert witness to rebut the state's expert witness;

(b) Failing to have the defendant receive a "psy-evaluation for child sex offender issues as a defense strategy";

(c) Failing to "competently defend hearsay objections raised regarding Exhibit No. 2 Business / Medical Records and failed to provide case law when requested by court";

(d) Abandoning "hearsay objection raised by defense regarding Exhibit No. 2 (State's evidence)";

4

(e) Failing to competently raise a 'motive to lie' for state witnesses Susana Falcon [the victim's mother] and [the victim] on cross-examination";

(f) Failing to "adequately explain to defendant he could not receive probation for continuous agg. sexual assault when filing documents for probation on other counts (Applicant believed probation was available on all Counts (1–5))";

(g) Failing to allow Garcia's brother to testify as a character witness at the punishment phase;

(h) Advising and "prohibiting" Garcia from testifying at the punishment phase;

(i) Failing to object to the State's "closing comments suggesting defendant's Cuban nationality was a motive to lie to the jury; thus suggesting all Cubans are liars and shouldn't be believed"; and

(j) Failing to object to Counts 2 and 3 on double jeopardy grounds until the punishment phase;

(3) The prosecutor committed misconduct during closing arguments when she suggested that the defendant's Cuban nationality was a motive to lie on the witness stand and when other comments made by the prosecutor constituted "striking over the shoulder of defense counsel";

(4) The trial court abused its discretion when it denied defense counsel's motion to vacate Counts 2 and 3 on double jeopardy grounds at the punishment phase;

(5) The jury verdict was "grossly contrary to Texas law" because the only evidence presented by the State at trial was the outcry of the victim; and

(6) Article 38.07 of the Texas Code of Criminal Procedure is unconstitutional.

(*Id.* at 143–93). On May 25, 2022, the state district court judge issued an order on the state habeas application, recommending that the relief requested by Garcia be denied. (*Id.* at 428–34). In particular, the state district court judge made the following findings:

1. The burden is on the applicant to allege and prove facts which entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d 14, 116 (Tex. Crim App. 1985).

2. Claims that attack the sufficiency of the evidence are not cognizable on application for writ of habeas corpus. *Ex parte Easter*, 615 S.W.2d 719 (Tex. Crim. App. 1981).

5

3.  Claims apparent from the record and should have been raised on direct appeal. *See Ex Parte Banks*, 769 S.W.2d 539 (Tex. Crim. App. 1989).  Claims litigated on direct appeal are not cognizable on writ.  *See Ex parte Schuessler*, 846 S.W.2d 850 (Tex Crim. App. 1993).  Applicant's claims related to the prosecutor's closing statements are barred under these principles.

4.  Applicant's claims of double jeopardy are moot as the Thirteenth Court of Appeals has already reversed those convictions on direct appeal.

5.  Factual sufficiency claims that are no longer recognized in Texas.  *See Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).  Further, sufficiency of the evidence is not cognizable on application for writ of habeas corpus.  *Ex parte Easter*, 615 S.W.2d 719 (Tex. Crim. App. 1981).  Applicant's six ground is without merit.

6.  There is not constitutional requirement that witnesses be corroborated.  *See Thompson v. State*, 691 S.W.2d 627, 631 (Tex. Crim. App. 1984).  As such, Article 38.07 of the Texas Code of Criminal Procedure is not unconstitutional.

7.  In reviewing claims of ineffective assistance of counsel, Texas applies a two-part analysis promulgated by the United States Supreme Court.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 54–55 (Tex. Crim. App. 1986). Under this test, Applicant must show both that (1) his attorneys' representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his attorneys' unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 687; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Hernandez*, 726 S.W.2d at 57.  The burden is on Applicant to prove ineffective assistance of counsel by a preponderance of the evidence.  *Thompson v. State*, 9 S.W.2d 808, 813 (Tex. Crim. App. 1999).

8.  Any claim that trial counsel failed to adequately investigate must illustrate that the presentation of missing evidence would have been beneficial to the applicant's case.  *Ex Parte Mooney*, 817 S.W.2d 693, 697 (Tex. Crim. App. 1991); *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004), *rev'd on other grounds*, *White v. Thaler*, 610 F.3d 890 (5th Cir. 2010).

9.  On a claim of ineffective assistance for failing to call a witness, Applicant must show that the witness was available, able to testify, and that their testimony would have been of some benefit to the defense.  *See King v. State*, 649 S.W.2d 42 (Tex. Crim. App. 1983).  Even Evaluation the Ineffective Assistance of counsel claims as alleged in the memorandum, Applicant has failed to prove ineffective assistance under the *Strickland* framework.  Applicant has failed to allege what testimony his brother would have given.

10.  On a claim of ineffective assistance of counsel for failure to object, a defendant must show that the trial court would have erred in failing to sustain the objection. *See Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011); *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004); *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996).  *See Ex parte Schuessler*, 846 S.W.2d 850 (Tex. Crim. App. 1993).

11.  The State is explicitly allowed to plead lesser included offenses in the alternative when alleging Continuous Sexual Abuse of a Minor.  1 Tex. Penal Code § 21.02(e)(1).  Counsel was not ineffective for failing to object on double jeopardy grounds.

12.  Mr. Hernandez and Ms. Regalado provided credible testimony in their affidavits that Applicant was informed of his ineligibility for probation as it relates to count one and was informed that the final decision on whether to testify was ultimately his.  This is further supported by the reporter's record at punishment. Applicant has failed to show counsel's performance was deficient.

(*Id.* at 430–33.)

On July 13, 2022, the Texas Court of Criminal Appeals denied the application without written order on findings of trial court without hearing and on the court's independent review of the record.  (Docket No. 19-19.)

**B.  Petitioner's Federal Habeas Petition**

On July 21, 2022, Garcia filed the pending federal petition for a writ of habeas corpus. (*See* Docket No. 1 at 22.)  In his federal petition, he asserts the following claims:

(1) The State did not present any forensic, medical, physical, or DNA evidence at trial that corroborated the victim's testimony;

(2) Trial counsel provided ineffective assistance by:

(a) Failing to present any expert witnesses to rebut the State's expert witness;

(b) Failing to have Garcia "undergo a PSY-evaluation addressing any child abuse (sexual) character propensity";

(c) Advising Garcia to not testify at the punishment phase against Garcia's wishes;

7

(d) Failing to object to Counts 2 and 3 on double jeopardy grounds until the punishment phase of trial;

(e) Failing to call Garcia's brother as a character witness during the punishment phase;

(f) Failing to present any witnesses during the guilt/innocence phase of trial;

(g) Failing to object to the prosecutor's comments suggesting that Garcia had a motive to lie because of his Cuban nationality;

(h) Failing to explain to Garcia whether he would be eligible for probation; and

(i) Failing to adequately cross-examine the victim and the victim's mother;

(3) The prosecutor gave improper closing arguments when he suggested that Garcia's Cuban nationality was a motive to lie on the witness stand and when he "[struck] over the shoulder [of] defense counsel's closing presentation";

(4) The trial court abused its discretion when it denied the defense's motion to dismiss Counts 2 and 3 on double jeopardy grounds during the punishment phase;

(5) The jury verdict was irrational/a miscarriage of justice because the only evidence presented by the State at trial was the victim's testimony;

(6) Article 38.07 of the Texas Code of Criminal Procedure is unconstitutional; and

(7) Appellate counsel provided ineffective assistance on direct appeal when counsel failed to raise a sufficiency of the evidence claim and failed to challenge the constitutionality of Article 38.07 of the Texas Code of Criminal Procedure.

(Docket No. 1, Docket No. 2.)[1]

The respondent has filed a motion to dismiss, arguing that Garcia's claims should be dismissed because the claims are unexhausted, procedurally barred, moot, or without merit. (Docket No. 22.)  Garcia has responded to the motion to dismiss.  (Docket No. 25.)

---

[1] The court has organized Garcia's claims slightly differently than Garcia presents them in his petition—namely, the court has organized all of the ineffective assistance of trial counsel claims together in order to facilitate a more orderly analysis.

## II.  THE APPLICABLE LEGAL STANDARDS

**A.      The Antiterrorism and Effective Death Penalty Act**

This federal petition for habeas corpus is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See Woodford v. Garceau*, 538 U.S. 202, 205–08 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335–36 (1997).  The writ of habeas corpus provides an important, but narrow, examination of an inmate's conviction and sentence.  *See Harrington v. Richter*, 562 U.S. 86, 103 (2011); *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).  If a petitioner has presented his federal constitutional claims to the state courts in a procedurally proper manner, and the state courts have adjudicated their merits, AEDPA provides for a deferential federal review: "time and again," the Supreme Court "has instructed that AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'"  *White v. Wheeler*, 577 U.S. 73, 76–77 (2015) (quoting *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013)).  As mandated by AEDPA, an inmate may only secure relief after showing that the state court's rejection of his claim was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).

Petitioners arguing legal error in state court decisions must comply with § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses.  "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts."  *Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010) (citing

*Williams v. Taylor*, 529 U.S. 362, 404–08 (2002)).  To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice."  *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)).  In contrast to "ordinary error correction through appeal," AEDPA review exists only to "guard against extreme malfunctions in the state criminal justice systems . . . ."  *Id.* (quotation omitted).  A petitioner must "'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  *Woodall*, 134 S. Ct. at 1702 (quoting *Harrington*, 562 U.S. at 103).  "If this standard is difficult to meet, that is because it was meant to be."  *Harrington*, 562 U.S. at 102.

A petitioner challenging the factual basis for a state court decision must show that it was an "unreasonable determination of the facts in light of the evidence[.]"  28 U.S.C. § 2254(d)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  *Wood v. Allen*, 558 U.S. 290, 301 (2010).  State court findings are "presumed to be correct" unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Generally, federal courts presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."  *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Jackson v. Johnson*, 194 F.3d 641, 651 (5th Cir. 1999) ("When faced with a silent or ambiguous state habeas decision, the federal court should 'look through' to the last clear state decision on the

matter.").  Thus, when the Texas Court of Criminal Appeals summarily rejects a prisoner's claim, federal courts can "ignore—and hence, look through—an unexplained state court denial and evaluate the last reasoned state court decision."  *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).

**B.**     *Pro Se* **Litigants**

Garcia is proceeding *pro se*.  This court is required to construe *pro se* petitions liberally. *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.") (citations omitted); *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) ("[Petitioner]'s pro se application for habeas relief is entitled to liberal construction.") (citations omitted).  Pleadings by *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III.  ANALYSIS

**A.     The Unexhausted and Procedurally Barred Claims**

This court may only consider Garcia's claims that were properly exhausted in state court. With that in mind, the court turns to several of Garcia's claims.

### 1.     Claims raised for the first time in federal court: Claims Two(f) and Seven

The respondent asserts that Garcia did not exhaust the following claims in state court: trial counsel provided ineffective assistance when it failed to present any witnesses during the guilt/innocence phase (Claim Two(f)) and appellate counsel provided ineffective assistance on direct appeal when counsel failed to raise a sufficiency of the evidence claim and failed to challenge the constitutionality of Article 38.07 of the Texas Code of Criminal Procedure (Claim

Seven).  (Docket No. 22.)  In his response to the motion to dismiss, Garcia admits that these claims are unexhausted.  (Docket No. 25 at 7.)

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State[.]"  28 U.S.C. § 2254(b)(1)(A); *see also Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) ("A federal habeas petition filed by a state prisoner shall not be granted unless the prisoner exhausts available state remedies.") (citations omitted).  "The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the highest state court on direct appeal or in state post-conviction proceedings . . . ."  *Cain*, 712 F.3d at 231 (internal citation and quotation marks omitted).  "A claim is fairly presented when the petitioner 'asserts the claim in terms so particular as to call to mind a specific right protected by the Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation.'"  *Id.* (quoting *Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005) (per curiam)).  "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made."  *Id.* (quoting *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001)).  "Rather, the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'"  *Id.* (quoting *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004)); *see also Wilder*, 274 F.3d at 261 (explaining that the doctrine of exhaustion "require[s] a state prisoner to present the state courts with the *same claim* he urges upon the federal courts.") (quoting *Picard v. Connor*, 404 U.S. 270, 276 (1971)).

To satisfy the exhaustion requirement, a Texas prisoner must raise his claims before the Texas Court of Criminal Appeals.  *See Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).  "A Texas criminal defendant may exhaust remedies by taking one of two paths to the Texas Court

of Criminal Appeals." *Stastny v. Lumpkin*, Civil Action No. H-23-4720, 2024 WL 98220, at *2 (S.D. Tex. Jan. 9, 2024). "The first path is a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals." *Id.* (citing Tex. R. App. P. 68.1). "The second path is an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure filed in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary." *Id.* (citing Tex. Code Crim. Proc. art. 11.07 § 3(b)–(c)). "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) (citations omitted).

The record confirms—and Garcia agrees—that the following claims were not presented to the Texas Court of Criminal Appeals for review: trial counsel provided ineffective assistance when it failed to present any witnesses during the guilt/innocence phase of trial (Claim Two(f)) and appellate counsel provided ineffective assistance on direct appeal when counsel failed to raise a sufficiency of the evidence claim and failed to challenge the constitutionality of Article 38.07 of the Texas Code of Criminal Procedure (Claim Seven). Garcia thus did not exhaust his available state court remedies as to these claims. The respondent argues that these unexhausted claims are procedurally defaulted because the state court would now find them procedurally barred.

"If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2000) (citations omitted). Garcia's unexhausted claims could have been raised during his direct appeal or in his state habeas corpus application. A successive

petition raising these claims in state court would be barred by the Texas abuse-of-the-writ statute. *See* Tex. Code Crim. Proc. § 11.07, § 4(a).  This default is an adequate procedural ground to bar state, and therefore federal, review of the unexhausted claims, unless an exception applies.  *Finley*, 243, F.3d at 220 (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.1995)).

To show an exception for federal habeas review, a petitioner who has procedurally defaulted a claim in state court must demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To establish a fundamental miscarriage of justice, a petitioner must provide the court with evidence that would support a "colorable showing of factual innocence."  *Kuhlmann v. Wilson*, 477 U.S. 436, 452–54 (1986).  A claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits."  *Herrera v. Collins*, 506 U.S. 390, 404 (1993).  A petitioner seeking to overcome a procedural default by showing "actual innocence" must support his allegations with new, reliable evidence that was not presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The petitioner must show that it is more likely than not that, in light of the new evidence, no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt.  *Id.* at 326–27.  Garcia does not present new evidence or demonstrate a viable actual-innocence claim under *Schlup*.  He does not argue, let alone demonstrate, cause for his default.  Absent a showing of cause, a court need not consider whether there is actual prejudice.  *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Procedural default bars Garcia's claims that trial counsel provided ineffective assistance when it failed to present any witnesses during the guilt/innocence phase (Claim Two(f)) and

appellate counsel provided ineffective assistance on direct appeal when counsel failed to raise a sufficiency of the evidence claim and failed to challenge the constitutionality of Article 38.07 of the Texas Code of Criminal Procedure (Claim Seven).  These claims should be dismissed.

 2. Claim One is procedurally barred

  Garcia argues that the State did not produce any direct evidence that corroborated the victim's testimony at trial.  (Docket No. 1 at 5; Docket No. 2 at 3–4.)  In other words, Garcia asserts that the evidence was legally insufficient to convict him.  *See Haley v. Cockrell*, 306 F.3d 257, 266–67 (5th Cir. 2002), *vacated and remanded on other grounds by*, *Dretke v. Haley*, 541 U.S. 386 (2004).  The respondent argues that because Garcia did not raise a sufficiency of the evidence claim on direct appeal or in his petition for discretionary review—and because a sufficiency of the evidence claim is not cognizable in a post-conviction writ of habeas corpus in Texas—this claim is now procedurally barred from federal habeas review.  (Docket No. 22 at 12–13.)

  The respondent is correct that Garcia's claim challenging the sufficiency of the evidence is barred from federal habeas review.  Garcia did not argue his sufficiency of the evidence claim in his direct appeal (*see* Docket No. 19-2 at 1–21) or in his PDR (*see* Docket No. 19-13 at 1–15.) Instead, he raised the sufficiency of the evidence claim for the first time in his application for state habeas relief.  (*See* Docket No. 19-21 at 143–93.)  The state habeas court found that claims attacking the sufficiency of the evidence are not cognizable on an application for a writ of habeas corpus.  (*See* Docket No. 19-21 at 428–34.)  It recommended that relief be denied.  (*Id.*)  The Texas Court of Criminal Appeals then denied relief without written order based on findings of trial court and the court's independent review of the record.  (Docket No. 19-19.)

Under the procedural default doctrine, "it is well settled that federal review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default." *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999) (citations omitted). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) (citation omitted); *see also Webb v. Lumpkin*, Civil Action No. 4:21-0030, 2023 WL 2672815, at *15 (S.D. Tex. Mar. 28, 2023) ("As a corollary to exhaustion, the federal procedural-default doctrine requires inmates to litigate claims in compliance with state procedural law.") (citations omitted).

In Texas, a sufficiency of the evidence claim may only be raised on direct appeal and is not cognizable in a state application for a writ of habeas corpus. *See Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981) (en banc); *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986) (per curiam). The state habeas court explicitly denied Garcia relief on his sufficiency-of-the-evidence claim on procedural grounds, which is an adequate and independent state procedural bar to federal habeas review of the claim. *See West*, 92 F.3d at 1398 n.18; *Reed v. Thaler*, 428 F. App'x 453, 454 (5th Cir. 2011)).

As discussed above, a federal court may consider the merits of a procedurally defaulted claim if the petitioner shows cause and prejudice or a fundamental miscarriage of justice. Garcia has not made either showing. Thus, Garcia is barred from raising his sufficiency of the evidence claim and the claim must be dismissed.

3.   Claim Three is procedurally barred

In his next ground for relief, Garcia asserts that the prosecutor gave improper closing arguments when he suggested that Garcia's Cuban nationality was a motive to lie on the witness stand and when he "[struck] over the shoulder of the defense counsel's closing presentation."

(Docket No. 1 at 8–9.)  The respondent avers that this claim is barred because it was rejected on state habeas corpus review for procedural reasons.  (*See* Docket No. 22 at 13–14.)

The respondent is again correct that Garcia's claim that the prosecutor committed misconduct during closing argument is barred from federal habeas review.  Although this claim was presented on direct appeal (*see* Docket No. 19-2 at 1–21), Garcia did not include the claim in his PDR before the Texas Court of Criminal Appeals.  (*See* Docket No. 19-13 at 1–15).  The state habeas court found that Garcia's "claims related to the prosecutor's closing statements are barred" from collateral review because claims apparent from the record should be raised on direct appeal and because claims litigated on direct appeal are not cognizable in a writ of habeas corpus.  (*See* Docket No. 19-21 at 428–34.)  It recommended that relief be denied.  (*Id.*).  The Texas Court of Criminal Appeals then denied relief without written order based on findings of trial court and the court's independent review of the record.  (Docket No. 19-19.)

The Texas Court of Criminal Appeals has repeatedly held that claims that could have been raised on direct appeal may not be raised in a state habeas application.  *See Ex parte Gardner*, 959 S.W.2d 189, 199–200 (Tex. Crim. App. 1998); *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).  A federal habeas court "will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural rule."  *Busby*, 359 F.3d at 718 (citations omitted).  Thus, this claim is procedurally barred unless Garcia demonstrates cause and prejudice or a fundamental miscarriage of justice.  Despite filing a response to the motion to dismiss, Garcia has not made such showing.  Thus, Garcia is barred from raising his claim regarding the prosecutor's comments during closing argument and the claim must be dismissed.

4. Claim Four is moot

In his fourth ground for relief, Garcia argues that the trial court abused its discretion when it denied the defense's motion to dismiss Counts 2 and 3 on double jeopardy grounds during the punishment phase. The respondent argues that this claim is moot.[2]

In the direct appeal of his conviction, the state appeals court reversed Garcia's conviction for aggravated sexual assault of a child as charged in Counts 2 and 3 and rendered a judgment of acquittal on those two counts. When Garcia asserted in his state habeas application the claim that the trial court abused its discretion when it denied defense counsel's motion to vacate Counts 2 and 3 on double jeopardy grounds at the punishment phase the state habeas court found that Garcia's claims of double jeopardy were moot because the Thirteenth Court of Appeals had already reversed his convictions on Count 2 and Count 3 on direct appeal. (*See* Docket No. 19-21 at 428–34.)

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citation omitted); *see also Cheatham v. Cline*, 543 F. App'x 775, 777 (10th Cir. 2013) (per curiam) (holding that reversal of the challenged state conviction moots the federal habeas claim); *Romero*

---

[2] As to this claim for relief, the respondent interprets Garcia as asserting that the trial court abused its discretion when it denied trial counsel's double jeopardy objections to Counts 2 and 3, *which resulted in the jury finding Garcia "guilty" of both counts and imposing a harsher sentence of 32 years on Count 1*. (*See* Docket No. 22 at 3, 9–12, 15–16.) The respondent asserts that the italicized portion of the claim is unexhausted and procedurally barred. The undersigned, however, does not interpret Garcia as asserting the italicized portion of the claim. In the memorandum in support of his federal habeas petition, Garcia claims that "had Counts 2 and 3 been removed from the jury charge from the get-go, the jury's sentence for the 'continuous' charge would have been different (less than 32 years)." (Docket No. 2 at 26.) Garcia makes this argument in the section of his memorandum that pertains to defense counsel's alleged ineffective assistance. (*See id.* at 25–26.) In any event, if the district court agrees with the respondent's interpretation of Garcia's claim, then the respondent is correct that the italicized portion of the claim was not exhausted in state court and is thus procedurally barred, and that the non-italicized portion of the claim is moot.

*v. Franklin*, No. CIV-05-1142-HE, 2007 WL 1080358, at *1 (W.D. Okla. Apr. 9, 2007) (dismissing double jeopardy claims in petitioner's § 2254 petition as moot because state conviction petitioner was challenging was reversed); *Smith v. Secr'y of the Ca. Dept. of Correcs*., No. EDCV 12-751 (JACK(JC), 2015 WL 2342539, at *6 (C.D. Cal. May 14, 2015) (finding that § 2254 petitioner's claim asserting that he was erroneously convicted of carjacking was moot when the state appellate court reversed petitioner's carjacking conviction because it was a lesser included offense of the kidnapping during a carjacking charge); *Molina v. Graham*, No. 12-cv-333-MAT, 2014 WL 287608, at *12–13 (W.D.N.Y. Jan. 24, 2014) (holding that petitioner's claim challenging the sufficiency of the evidence in his state court conviction was mooted when the state appellate court reversed his conviction).  This claim is moot and the respondent is entitled to dismissal of the claim.

     5.  <u>Claim Five is not cognizable on federal habeas review</u>

     Next, Garcia asserts that the jury verdict was irrational/a miscarriage of justice because the only evidence presented by the State at trial was the victim's testimony.  (Docket No. 1 at 13–14.) The respondent counters that a factual sufficiency of the evidence claim is not cognizable on federal habeas review.  (Docket No. 22 at 14–15.)

     Garcia did not argue his sufficiency of the evidence claim in his direct appeal (*see* Docket No. 19-2 at 1–21) or in his PDR (*see* Docket No. 19-13 at 1–15).  Instead, he raised the factual sufficiency of the evidence claim for the first time in his application for state habeas relief.  (*See* Docket No. 19-21 at 143–93.)  The state habeas court found that factual sufficiency of the evidence claims are no longer recognized in Texas and, further, sufficiency of the evidence is not cognizable in an application for a writ of habeas corpus.  (*See* Docket No. 19-21 at 428–34.)  It recommended that relief be denied.  (*Id.*)  The Texas Court of Criminal Appeals then denied relief without written

order based on findings of trial court and the court's independent review of the record.  (Docket No. 19-19.)

The Texas Court of Criminal Appeals previously recognized claims of factual sufficiency of the evidence.  *See Clewis v. State*, 922 S.W.2d 126, 129–30 (Tex. Crim. App. 1996*), overruled by*, *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).  This claim was no longer recognized, however, when Garcia filed his direct appeal in 2020.  *See Brooks*, 323 S.W.3d at 912.  Further, even when factual sufficiency of the evidence was a cognizable claim in Texas courts, factual sufficiency claims do not implicate federal constitutional concerns and are not a basis for federal habeas relief.  *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002).

Accordingly, Garcia's claim challenging the factual sufficiency of the evidence is not cognizable on federal habeas review and should be dismissed.

Garcia's remaining claims are analyzed on their merits.

## B.  Garcia's Remaining Claims

### 1.  Claim Six

In his sixth ground for relief, Garcia claims that Article 38.07 of the Texas Code of Criminal Procedure is unconstitutional.  (Docket No. 1 at 15.)  The respondent counters that there is no constitutional requirement that a child victim's testimony be corroborated, and that Garcia fails to demonstrate that the state habeas court's conclusion on the issue was unreasonable. (Docket No. 22 at 37–38.)

Article 38.07 of the Texas Code of Criminal Procedure states that a conviction under certain sections of the penal code "is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred."  Tex. Code

Crim. Proc. Art. 38.07.  The requirement that the victim inform another person of the alleged offense does not apply if at the time of the alleged offense the victim was 17 years of age or younger.  *Id.*  It is well-established that "[a] child sexual assault complainant's uncorroborated testimony, standing alone, is sufficient to support a defendant's conviction."  *Collmorgen v. Lumpkin*, 4:22-cv-1971, 2023 WL 6388551, at *16 (S.D. Tex. Sept. 30, 2023) (citations omitted); *see also Wesson v. State*, No. 11-16-269-CR, 2018 WL 1440556, at *5 (Tex. App.—Eastland 2018, pet. ref'd) ("[T]he testimony of the child alone is sufficient to support a conviction for indecency with a child.").  The State has no burden to provide physical evidence corroborating a victim's testimony.  *Lovings v. State*, 376 S.W.3d 328, 336 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("The State has no burden to produce physical or other corroborating evidence, and the jury determines the credibility of the witnesses and may believe all, some, or none of the testimony.") (internal quotation marks and citation omitted).

The state habeas court found that Article 38.07 of the Texas Code of Criminal Procedure is not unconstitutional because there is no constitutional requirement that witness testimony be corroborated.  (*See* Docket No. 19-21 at 428–34.)  A review of the record fails to show that the state court's determination of this issue was in conflict with established federal law or was objectively unreasonable.

Garcia has failed to show by clear and convincing evidence that the state courts' determination that Article 38.07 of the Texas Code of Criminal Procedure is not unconstitutional was contrary to or involved an unreasonable application of federal law, or resulted in a decision based on an unreasonable determination of the facts based on the evidence presented in the state court proceeding.  No basis for habeas relief is shown, and this claim should be dismissed.

2.   Claim Two: ineffective assistance of trial counsel claims

Garcia's remaining claims allege that he was denied his constitutional right to effective assistance of counsel.  The respondent argues that Garcia's ineffective assistance of counsel claims should be dismissed because he has failed to meet his burden of proof that counsel performed deficiently or that he was prejudiced by any supposed errors.

Courts assess an attorney's representation under the framework set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  "The benchwork for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.  Under *Strickland*, a criminal defendant's Sixth Amendment rights are "denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 3 (2003) (citations omitted).  "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700.

To establish deficient performance, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687.  The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct . . . ." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).  Instead, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688.  In reviewing ineffectiveness claims, "[j]udicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Id.* at 689.  An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689–90.

With regard to the prejudice requirement, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695.

Here, Garcia's ineffective assistance of counsel claims were considered and rejected by the state habeas court. "[T]he test for federal habeas purposes is *not* whether [the petitioner] made [the showing required by *Strickland*]." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003). "Instead, the test is whether the state court's decision—that [the petitioner] did *not* make the *Strickland*-showing—was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim." *Id.* A petitioner's conclusory allegations of ineffective assistance of counsel will fail to rebut a state court's finding that his counsel was not deficient or that he was not prejudiced by his counsel's performance. *See Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983). "An assertion is conclusory if it relies on inferences without also setting forth the facts that support those inferences." *Favela v. Collier*, No. 22-40415, 91 F.4th 1210, 1213 (5th Cir. Jan. 31, 2024) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 898–99 (1990) and Black's Law Dictionary (11th ed. 2019)).

   a. *Failing to present any expert witnesses to rebut the State's expert witness (Claim Two(a)) and failing to allow Garcia's brother to testify as a character witness (Claim Two(e))*

Garcia contends that his counsel provided ineffective assistance because they failed to allow his brother to testify as a character witness and they failed to present any expert witnesses to rebut the State's expert witness.  (Docket No. 1 at 7; Docket No. 2 at 4–5, 26.)  In regards to his brother, Garcia asserts that "counsel failed to allow defendant's brother to present a character witness testimony and plea for mercy at punishment phase as the brother was supportive during trial and prepared to support defendant at punishment phase[.]"  (Docket No. 2 at 4–5.)

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative."  *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citation omitted); *see also Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).  "[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."  *Day*, 566 F.3d at 538 (citation omitted).  Further, "[a] decision by counsel not to hire an expert is well 'within the realm of trial strategy,' to which [the] Court must defer."  *Cox v. Davis*, No. CV 3:18-cv-29, 2019 WL 13440327, at *15 (S.D. Tex. Sept. 20, 2019) (citing *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993)).

In rejecting this claim on collateral review, the state habeas court made the following relevant findings:

  9. On a claim of ineffective assistance for failing to call a witness, Applicant must show that the witness was available, able to testify, and that their testimony would

have been of some benefit to the defense. *See King v. State*, 649 S.W.2d 42 (Tex. Crim. App. 1983). Even Evaluation the Ineffective Assistance of counsel claims as alleged in the memorandum, Applicant has failed to prove ineffective assistance under the *Strickland* framework. Applicant has failed to allege what testimony his brother would have given.

(Docket No. 19-21 at 432–33.)

Garcia did not provide the state court with an affidavit or other sworn statement from his brother or other alleged witness, identifying the substance of the potential testimony and whether his brother or any other proposed witness was available for trial and willing to testify. Absent an affidavit or declaration from the uncalled witness, Garcia's claim is speculative and conclusory and does not demonstrate deficient performance or prejudice. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001).

Garcia has failed to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. The respondent is entitled to dismissal of these claims.

> b.   *Failing to have Garcia "undergo a PSY-evaluation addressing any child abuse (sexual) character propensity" (Claim Two(b))*

Garcia contends this his trial counsel provided constitutionally ineffective assistance when they failed to have him undergo a psychiatric evaluation to determine whether he had "any child abuse (sexual) character propensity." (Docket No. 1 at 7.) Garcia provides no other factual allegations or legal argument in support of this claim. Conclusory allegations of ineffective assistance of counsel are insufficient for a successful habeas claim. *See Sayre*, 238 F.3d at 636; *Ross*, 694 F.2d at 1011–12. Further, Garcia has failed to show that the state court's determination that his attorneys did not provide constitutionally ineffective assistance was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. The respondent is entitled to dismissal of this claim.

   c.  *Advising Garcia to not testify at the punishment phase against Garcia's wishes (Claim Two(c))*

Garcia asserts that his attorneys provided ineffective assistance when they advised him not to testify during the punishment phase of trial against his wishes.  (Docket No. 1 at 7; Docket No. 2 at 4, 26.)

A criminal defendant has a constitutional right to testify on his own behalf.  *Rock v. Arkansas*, 483 U.S. 44, 49–53 (1987); *see also United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999) ("A criminal defendant has a constitutional right to testify in his own behalf, and this right is granted to the defendant personally and not to his counsel.").  Waiver of this right must be knowing and voluntary.  *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997).  Only the defendant may waive this right; counsel may not waive the right on the defendant's behalf.  *Id.*

In his state habeas application, Garcia asserted that his attorney provided ineffective assistance by advising and "prohibiting" him from testifying at the punishment phase.  In his affidavit responding to Garcia's state habeas application, Mr. Hernandez addressed Garcia's allegations:

> In preparation for trial, I explained to Mr. Garcia how a trial is conducted. Regarding his ability to testify, I repeatedly told him he had the right to testify in trial, but that he did not have to.  I explained that he was able to listen to all the witnesses/evidence during the guilt/innocence, and when the time came, we would discuss if it was in his best interest to testify or not.  We also admonished him as to the risks with testifying, including that he could/would be cross-examined by Assistant District Attorney Hope Palacios.  Nevertheless, he elected to testify.
>
> Mr. Garcia's brother, Ewuesney Barzola, was present in the courtroom when Mr. Garcia testified.  Mr. Barzola is a truck driver who lives in Florida.  He drove into town the day Mr. Garcia testified.  When I spoke with Mr. Barzola after Mr. Garcia testified, he told me that Mr. Garcia came across horribly on the stand and almost sounded guilty.  Mr. Barzola could not stay to hear the verdict because his truck was loaded, and he needed to deliver a load.  I later spoke via phone with Mr. Barzola's wife, Mercy Gomez, and she indicated she spoke with Mr. Barzola regarding Mr. Garcia's testimony.  She reiterated what her husband told me.  I shared their thoughts with Ms. Regalado.

Based on Mr. Barzola's opinion and trial counsels' assessment of how Mr. Garcia came across on the witness stand, we believed it was in his best interest not to testify during Punishment. Therefore, we recommended to Mr. Garcia that he not testify. We believed we could mitigate the punishment with closing arguments. We did not prevent Mr. Garcia from testifying. Further, in "Applicant's 'Memorandum of Law' In Support of Applicant's State Writ of Habeas Corpus Application Art. 11.07," Mr. Garcia acknowledges he elected not to testify during Punishment. On page 4 of 28, it clearly states the following: "The Applicant took the right to testify during guilty/innocence phase of trial **but waived the stand during the punishment phase at the advise of counsels**." Mr. Garcia did not tell Judge Lopez during Punishment that he wanted to testify against the advice of counsel.

(Docket No. 19-21 at 398–99) (emphasis in original).

Likewise, Ms. Regalado also filed an affidavit responding to Garcia's allegations:

During the same meeting with Mr. Garcia regarding the trial process, Mr. Hernandez and I explained that he would have the option to testify in his own defense. As is my normal practice, I explained to him that Mr. Hernandez and I would be able to advise him of our recommendation as to whether or not he should testify from a strategic standpoint, but that ultimately it would be his decision (and his decision alone) whether to testify. We also explained that we would prepare him for our direct examination and for the cross-examination that we were reasonably certain of. We explained to Mr. Garcia that his right to testify at trial exists for guilt/innocence as well as for punishment phase, if there was to be a punishment phase. We told Mr. Garcia that we wanted him to start thinking about whether he would like to testify and that at the close of the State's case, we would revisit the issue so that he could make his decision.

At the end of the State's case-in-chief, we met with Mr. Garcia again. After offering our professional recommendation and explaining the risk of testifying, Mr. Garcia elected to testify in his own defense.

I recall that during a recess following Mr. Garcia's testimony, Mr. Hernandez and I were in the hallway outside the 389th District Court and were approached by Mr. Garcia's brother, Ewuesney Barzola. He appeared disappointed and dejected. He advised us that he was present in the courtroom during Mr. Garcia's testimony and shared his concern/opinion that Mr. Garcia's testimony was damning. Mr. Hernandez later advised me that he'd spoken to Mr. Barzola and his wife regarding Mr. Garcia's testimony over the phone and that they'd continued to share their concern about the effect Mr. Garcia's testimony would have in the minds of the jury.

When the punishment phase began, Mr. Hernandez and I agreed that it was in Mr. Garcia's best interest from a strategic standpoint, that he not testify. This opinion was based on all of the information we had at our disposal: (1) the independent opinion of Mr. Garcia's testimony by Mr. Barzola, (2) knowledge of the substance of Mr. Garcia's potential punishment testimony, and (3) our professional assessment of Mr. Garcia's ability to communicate effectively as a witness. We believed that his punishment could be mitigated more effectively in argument and that doing so was the more strategically sound decision. That said, we still advised Mr. Garcia that he was the decision-maker as to whether he would testify and that we would respect his decision. Mr. Garcia listened to our recommendation and strategy. Mr. Garcia then elected not to testify in the punishment phases. Neither Mr. Hernandez nor I ever prevented Mr. Garcia from testifying.

(Docket No. 19-21 at 405–06.)

After considering Garcia's state writ application and the affidavits from his attorneys, the state habeas court found that "Mr. Hernandez provided credible testimony in which he stated that he … had properly advised [Garcia] of the benefits and risks of testifying [at] trial. Mr. Hernandez further testified that he recommended that [Garcia] not testify at punishment but [Garcia] was made aware that he was ultimately in charge of that decision." (Docket No. 19-21 at 430.) The state habeas court further found that "Ms. Regalado provided credible testimony in which she stated that she is certain that [Garcia] … had properly been advised of the benefits and risks of testifying [at] trial. Ms. Regalado further testified that [s]he recommended that [Garcia] not testify at punishment but [Garcia] was made aware that he was ultimately in charge of that decision." (*Id.*) The state habeas court concluded by finding that "Mr. Hernandez and Ms. Regalado provided credible testimony in their affidavits that [Garcia] was informed … that the final decision on whether to testify was ultimately his. This is further supported by the reporter's record at punishment. [Garcia] has failed to show [h]is counsel's performance was deficient." (Docket No. 19-21 at 433.) These factual findings are presumed correct unless Garcia presents clear and convincing evidence to the contrary. *See Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir. 2010)

(applying the AEDPA presumption of correctness to the state court's factual finding based on an affidavit submitted by trial counsel). The presumption afforded factual findings is even stronger when, as it is here, the state habeas judge making the findings is also the convicting court. *See Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).

Garcia has not shown that he wished to testify and that counsel refused his request or that the decision not to call him to testify was not trial strategy. Nor has Garcia shown what his testimony would have been had he testified. Unsupported assertions are not sufficient to overcome the presumption that the decision to not call the witness was not trial strategy. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985); *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). Garcia has failed to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. The respondent is entitled to dismissal of this claim.

> d.   *Failing to object to Counts 2 and 3 on double jeopardy grounds until the punishment phase of trial (Claim Two(d))*

Garcia asserts that counsel provided ineffective assistance when counsel waited until the conclusion of the guilt/innocence phase of trial to raise an objection to Count 2 and Count 3 on double jeopardy grounds. (Docket No. 2 at 4, 25–26.)

The Double Jeopardy Clause contained in the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend V. The prohibition against double jeopardy protects against (1) a "second prosecution for the same offense after acquittal"; (2) a "second prosecution for the same offense after conviction"; and (3) "multiple punishments for the same offense." *United States v. Rabhan*, 628 F.3d 200, 204 (5th Cir. 2010) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Review of the trial record shows that at the beginning of the punishment phase, defense counsel argued that Garcia's constitutional rights prohibiting double jeopardy would be violated if he was sentenced on both Counts 2 and 3. (Docket No. 18-22 at 6–9). The trial court judge agreed that there was a possible double jeopardy violation, but believed that the proper procedure was for the appeals court to remedy any possible issue. (*Id.*)

The double jeopardy clause does not prohibit the state from charging a defendant with greater and lesser included offenses in the same charging instrument and prosecuting those offenses in a single trial. *See Ohio v. Johnson*, 467 U.S. 493, 500 (1984), *see also United States v. Kaiser*, 893 F.2d 1300, 1303 (11th Cir. 1990) ("[T]he government may charge a defendant with both a greater and a lesser included offense and may prosecute those offenses at a single trial . . . .") (citing *Ohio*, 467 U.S. at 500); *United States v. Farmer*, 923 F.2d 1557, 1563 (11th Cir. 1991) ("It is *clear* that the Double Jeopardy Clause protects a criminal defendant against *successive*, rather than simultaneous, prosecutions . . . .") (emphasis in original) (citing *United States v. Larkin*, 605 F.2d 1360, 1368–68 (5th Cir. 1979)). Because a state is permitted to prosecute greater and lesser included offenses in the same trial, any objection to the indictment on double jeopardy grounds prior to the jury verdict would have lacked merit. The proper time to object on double jeopardy grounds was after Garcia was found guilty of the greater and lesser included offenses, which counsel in fact did.

Garcia has failed to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that the decision involved an unreasonable determination of the facts based on the evidence in the record. Garcia is not entitled to habeas relief on this ground and the claim should be denied.

      e.     *Failing to object to the prosecutor's comments suggesting that Garcia had a motive to lie because of his Cuban nationality (Claim Two(g))*

Garcia argues that trial counsel was ineffective for failing to object to the prosecutor's statements suggesting that Garcia had a motive to lie because he is from Cuba.  In particular, he faults counsel for failing "to object and defend [Garcia] against District Attorney's inappropriate conduct/comments when suggesting to the jury that Garcia's motive to lie on the stand was because he is a native Cuban, thus all Cubans are liars."  (Docket No. 2 at 5); (*see also* Docket No. 2 at 26 ("[Counsel] fails to object and defend client against District Attorney's inappropriate comments when suggesting Garcia's motive to lie on the stand was somehow connected to being a Cuban and the fear of returning to Cuba if convicted")).

"In habeas corpus proceedings, [a court] review[s] allegedly improper prosecutorial statements made during a state trial to determine whether they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"  *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (per curiam) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  "A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted."  *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (internal quotation marks and citation omitted).

Garcia fails to specify at what point counsel should have raised an objection; he points to no specific facts or place in the record to support his claim.  A review of the state trial court records shows that defense counsel asked Garcia several questions about his life in Cuba during direct examination.  (Docket No. 18-20 at 86–90.)  For example, Mr. Hernandez questioned Garcia about his life growing up in Cuba, his profession in Cuba, and why he decided to come to the United States.  (*See id.* at 86–90.)  He also asked Garcia what his residency status is in the United States, to which Garcia replied, "permanent resident."  (*Id.* at 90.)  On cross, the prosecutor asked Garcia

whether he was aware that a felony conviction for sexual abuse of a child would cause him to lose his immigration status. (*Id.* at 144–45.) Garcia answered in the affirmative. (*Id.* at 145.) In the State's closing argument, after arguing that the victim did not have any motive to lie, the district attorney made the following comments to the jury:

> On the other hand, I want you to think about [Garcia's] motive to lie. And you know what, let's just put something out there right now. When you want to judge his credibility, I want you to listen or go back in your mind and replay his testimony about how he wouldn't even let his own little girl sit in his lap. Why? What for? That it wouldn't be appropriate, right? Does that sound – does that sound kosher to y'all? Does that sound right, that a man would be concerned with his own little girl on his lap? No, but he'll lay down in the bed with [the victim], right, right next to him in the bed and that didn't bother him. You heard him say that.
>
> Now credibility, first of all, no one is as hated in our community as a sex offender, bottom line. We sat here in voir dire and there were people that had some very strong feelings about sex offenders. In fact, one woman said that if he were found guilty, that's it. It's life. Remember that? She wasn't going to consider anything else, and she's not alone. There are a lot of people that feel that way.
>
> So for this man to admit his guilty, he's admitting to what? Being the scum of the earth essentially. He has to go to his family and tell his brother, this is what I am. That's motive to lie.
>
> Second of all, he told you that approximately 10 years ago he came to this country from Cuba. Okay. He told you that he was a legal permanent resident. Do you remember me asking him, are you aware of the immigration consequences of how this conviction would affect you?
>
> And he said yes.
>
> He told you how his life was hard in Cuba. He told you that it was difficult, that life was much better here economically.
>
> If he admits what he has done, once he's out of prison, if he's out, he's gone. He's gone. That is motive to lie.

(Docket No. 18-21 at 66–67.) In his state habeas application, Garcia argued that defense counsel provided ineffective assistance when they failed to object to the State's "closing comments suggesting defendant's Cuban nationality was a motive to lie to the jury[.]" (*See* Docket No. 19-

21 at 152.)  This court interprets his federal ineffective assistance of counsel claim as failing to object to the prosecutor's comments during closing argument, as set forth above.

First, by making the above argument to the jury, the prosecutor was not suggesting to the jury that Garcia had a motive to lie on the stand because "all Cubans are liars" and he was a native Cuban, and thus a liar.  (*See* Docket No. 2 at 5.)  In making the argument, the prosecutor was suggesting that Garcia knew that if he was convicted of a felony, he could lose his status as a permanent resident and would have to return to Cuba, and thus he had a motive to lie.

More importantly, Garcia has not met his burden to show that his counsel performed deficiently by failing to object to the prosecutor's comments during closing argument.  Defense counsel had already questioned Garcia about his status as a permanent resident, so it was not improper for the State to ask questions regarding Garcia's immigration status or bring it up during closing argument.  Even assuming that comments insinuating Garcia had a motive to lie on the stand because he could lose his permanent resident status if convicted was improper, failing to object is not per se constitutionally ineffective assistance.  It can be informed trial strategy to forgo a valid objection for strategic reasons.  *See, e.g.*, *Charles v. Thaler*, 629 F.3d 494, 502 (5th Cir. 2011); *Walker v. United States*, 433 F.2d 306, 307 (5th Cir. 1970) ("Since an objection may tend to emphasize a particular remark to an otherwise oblivious jury, the effect of objection may be more prejudicial than the original remarks of opposing counsel.").

Even if counsel performed deficiently for failing to object, Garcia has failed to show prejudice.  There is no indication that Garcia's Cuban nationality played any improper role in the jury's guilty verdict.  A "conscious and informed decision on trial tactics and strategy is not a permissible basis for a claim of ineffective assistance of counsel unless the strategy was so poor that it robbed the defendant of any opportunity to get a fair trial." *Smith v. Cockrell*, 311 F.3d 661,

668 (5th Cir. 2002) (internal quotation marks and citation omitted), *abrogated on other grounds by*, *Tennard v. Dretke*, 311 F.3d 661 (5th Cir. 2002).

The state habeas court found that Garcia failed to meet his burden on his ineffective assistance of counsel claims, and the court denied the claims.  This court must "defer 'both to trial counsel's reasoned performance and then again to the state habeas court's assessment of that performance.'"  *Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) (citing *Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir. 2017)).  Garcia has failed to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that the decision involved an unreasonable determination of the facts based on the evidence in the record.  Garcia is not entitled to habeas relief on this ground and the claim should be denied.

> f.  *Failing to explain to Garcia whether he would be eligible for probation (Claim Two(h))*

Garcia asserts that his attorneys provided ineffective assistance when they failed "to explain the extent of 'allowed probation' for all counts when submitting documents to the court for probation" and that counsel "led Garcia to believe that community supervision was available for all five counts[.]"  (Docket No. 2 at 5, 26.)

Garcia presented this claim in his state habeas application.  In his affidavit responding to Garcia's state habeas application, Mr. Hernandez addressed Garcia's allegations:

> On May 6, 2019, I filed both a "Motion for Jury to Assess Punishment" (hereinafter referred to as "Motion") and "Defendant's Application for Community Supervision" (hereinafter referred to as "Application").  To be eligible for jury-recommended probation (for those cases a Defendant is eligible and not limited by law), a Defendant has to have not been previously convicted of a felony, and to our knowledge, Mr. Garcia had not.  Also, we accounted for the possibility that Mr. Gracia could be found not guilty on some of the counts and/or guilty on lesser-included offenses, which could make Mr. Garcia eligible for probation.  At the very least, we knew that Mr. Garcia was eligible for probation on Count 5, so the filing of the Application was necessary.

At the time of arraignment, Mr. Garcia was admonished by Judge Lopez as to the ranges of punishment.  As part of my duty in reviewing discovery and conducting legal research, I determined that Mr. Garcia's charges (Counts 1-4) limited him from receiving probation from a jury if they found him guilty.  During my jail visits with Mr. Garcia to discuss the case, I reminded him on multiple occasions of the legal consequences should he be found guilty of all &/or any of the counts.  Specifically, as to Count I, I told Mr. Garcia that the minimum amount of time he could receive was twenty-five (25) years confinement in the Texas Department of Criminal Justice, and that he would not be eligible for the parole.  I also warned him of the Court's ability to run his sentences consecutively if he was found guilty of multiple counts.

As to Count 1 and probation eligibility, I am certain that I instructed Mr. Garcia that he was not eligible for probation if he was found guilty.  I recall repeatedly telling Mr. Garcia that he could not get probation for Count I because of the seriousness of the crime and the fact that he was ineligible for probation by law.  To verify that he was in fact ineligible for probation, I assured Mr. Garcia that I reviewed the law (relying on the Texas Code of Criminal Procedure, "Texas Punishment" manual published by the Texas Criminal Defense Lawyers Association, and O'Connor's Texas Crimes & Consequences).  Nonetheless, Mr. Garcia always claimed his innocence and desire to fight the charges.

(Docket No. 19-21 at 397–98.)

Likewise, Ms. Regalado also filed an affidavit responding to Garcia's allegations:

While I was not involved in the entire preparation of Mr. Garcia's case from its inception, one of the first steps I took prior to receiving the discovery was to review the Register of Actions to familiar myself with the case history.  In so doing, I learned that Mr. Garcia had filed a "Motion for Jury to Assess Punishment" as well as "Defendant's Application for Community Supervision" in May 2019.  Based on my experience (personally and in working with Mr. Hernandez, specifically), I know that it is standard practice to meet with the client to explain the election of punishment and his eligibility/ineligibility for community supervision.  The filings on May 6, 2019 indicated to me that Mr. Hernandez had already had these discussions with Mr. Garcia.

Prior to the commencement of trial, Mr. Hernandez and I explained the trial process with Mr. Garcia so that he would know what to expect over the next week.  I vividly recall discussing the various counts and explaining that he was not and could never, under any circumstance, receive community supervision on Count 1 Continuous Sexual Abuse of a Child.  We explained again that his application for probation was necessary *in the event that* the jury acquit him on Count 1.  We answered all of Mr. Garcia's questions regarding the ranges of punishment and his exposure upon conviction of any or all of the counts.  Based on our communication

35

with Mr. Garcia during my representation in this case, I am certain Mr. Garcia understood he was ineligible for community supervision on Count 1 prior to trial.

(*Id.* at 404–05) (emphasis in original).

After considering Garcia's state writ application and the affidavits from his attorneys, the state habeas court found that "Mr. Hernandez provided credible testimony in which he stated that he had properly advised [Garcia] of the probation eligibility of each count …." (*Id.* at 430.)  The state habeas court further found that "Ms. Regalado provided credible testimony in which she stated that she is certain that [Garcia] was advised of the probation eligibility of each count …." (*Id.*)  The state habeas court further concluded that "Mr. Hernandez and Ms. Regalado provided credible testimony in their affidavits that [Garcia] was informed of his ineligibility for probation as it relates to count one . . . .  This is further supported by the reporter's record at punishment. [Garcia] has failed to show [that] counsel's performance was deficient." (*Id.* at 433.)  These factual findings are presumed correct unless Garcia presents clear and convincing evidence to the contrary.  *See Gregory*, 601 F.3d at 353 (applying the AEDPA presumption of correctness to the state court's factual finding based on an affidavit submitted by trial counsel).  The presumption afforded factual findings is even stronger when, as it is here, the state habeas judge making the findings is also the convicting court.  *See Clark*, 202 F.3d at 764.  The Texas Court of Criminal Appeals expressly relied on these findings of fact, as well as its own independent review of the record, in denying habeas relief.

Garcia has failed to overcome the presumption of correctness that applies to the state court's factual findings.  He offers no evidence or argument that trial counsel failed to advise him regarding his parole eligibility; he merely asserts that trial counsel erroneously advised him of his parole eligibility.  Conclusory allegations of ineffective assistance of counsel are insufficient for a successful habeas claim.  *See Sayre*, 238 F.3d at 636; *Ross*, 694 F.2d at 1011–12.  Because Garcia

has not shows that counsel's performance was deficient or that he was prejudiced by this alleged deficiency, the state court's rejection of this claim was not an unreasonable application of *Strickland*.

> g.    *Failing to adequately cross-examine the victim and the victim's mother (Claim Two(i))*

Garcia argues that trial counsel provided ineffective assistance when he failed to adequately cross-examine the victim and her mother during trial.  Specifically, he alleges that counsel failed to raise the witnesses' motive to lie on the stand.  (Docket No. 2 at 5, 26.)

Garcia does not provide any evidence to support that the victim or her mother had a motive to lie on the witness stand.  As discussed previously, conclusory allegations are insufficient to support a petition for a writ of habeas corpus.  *See Sayre*, 238 F.3d at 636; *Ross*, 694 F.2d at 1011–12.  Moreover, "[b]ecause decisions regarding cross-examination are strategic, they usually 'will not support an ineffective assistance claim.'"  *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014) (quoting *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002)).  "Speculating about the effect of tinkering with the cross-examination questions is exactly the sort of hindsight that *Strickland* warns against."  *Castillo v. Stephens*, 640 F. App'x 283, 292 (5th Cir. 2016) (citation omitted).

A review of the trial transcript shows that although counsel did not explicitly raise a "motive to lie," counsel did challenge the credibility of the witnesses' testimony.  (*See* Docket No. 18-19 at 251–57.)  For example, Mr. Hernandez questioned the victim's mother about why she never asked her daughters if "anything happened to them" after finding Garcia in the daughters' room.  (*Id.*).  And, he questioned the victim about why she never told her sister or mother about the incidents of abuse.  (Dkt. 18-20 at 71–79.)  It is clear that counsel attempted raise doubts about the reliability of the victim's and her mother's testimony.

Garcia has not demonstrated that counsel's performance in examining either witness was objectively deficient or was prejudicial to the outcome of his case.  Garcia has thus failed to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that the decision involved an unreasonable determination of the facts based on the evidence in the record.  Garcia is not entitled to habeas relief on this ground and the claim should be denied.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Respondent's Motion to Dismiss (Docket No. 22) be GRANTED, that Petitioner Pedro Enrique Barzola Garcia's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Docket Nos. 1, 2) be DENIED, and that this action be DISMISSED with prejudice.  For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability[.]"  28 U.S.C. § 2253(c)(1).  Although Petitioner has not yet filed a notice of appeal, the § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.  Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of § 2255 proceedings).  An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329.  As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed both on procedural grounds and on their merits.  For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that Petitioner's claims that counsel provided ineffective assistance when it failed to present any witnesses during the guilt/innocence phase, that appellate counsel provided ineffective assistance on direct appeal when counsel failed to raise a sufficiency of the evidence claim and failed to challenge the constitutionality of Article 38.07 of the Texas Code of Criminal Procedure, that the State did not present any evidence at trial that corroborated the victim's testimony, and that the prosecutor gave improper closing arguments are procedurally barred.  The undersigned further believes that reasonable jurists would not find debatable the conclusion that Petitioner's claim that the trial court abused its discretion when it denied the defense's motion to dismiss Counts 2 and 3 on double jeopardy grounds during the punishment phase is moot.  The undersigned further believes that reasonable jurists would not

find debatable the conclusion that Petitioner's claim that the jury verdict was irrational/a miscarriage of justice because the only evidence presented by the State at trial was the victim's testimony is not cognizable on federal habeas review.  Also, for the reasons set out in this report, the undersigned believes that reasonable jurists would not find debatable or wrong the conclusion that Movant's remaining ineffective assistance of counsel claims and his claim that Article 38.07 of the Texas Code of Criminal Procedure is unconstitutional lack merit, nor are the claims adequate to deserve encouragement to proceed further.  Accordingly, Petitioner is not entitled to a COA.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 28th of February, 2024 at McAllen, Texas.

_____
NADIA S. MEDRANO
United States Magistrate Judge

40